IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**FRANCISCO VEGA SANCHEZ**                                                   **PLAINTIFF**

**V.**                               **Civil No. 5:16-CV-05037**

**SERGEANT McGILROY; DEPUTY
KELLIE; CORPORAL SCOTT; CAPTAIN
JEREMY GUYLL; TYRANNY RAY,
Medical Supervisor; and JOHN DOE DEPUTY**                   **DEFENDANTS**

## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff Francisco Sanchez pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. At the times relevant to this complaint, he was incarcerated in the Benton County Detention Center ("BCDC").

The case is currently before me on the partial motion to dismiss (Doc. 9) filed by Nurse Tyranny Ray. Nurse Ray is an employee of Southern Health Partners, Inc. ("SHP"). Plaintiff has not responded to the motion.

### I. BACKGROUND

According to the allegations of the complaint, on December 31, 2015, after an altercation with an inmate, Plaintiff was attacked and brutally beaten by four to five deputies. Nurse Ray sent Plaintiff to the emergency room. Plaintiff alleges that: the left side of his face was swollen; his left eye was almost swollen shut and he had eleven stitches over it; he had broken ribs; his hip was bothering him; his upper lip was split; he had bruises all over his body; he could not hear out of his right ear; and he was unable to walk for days.

Plaintiff alleges that he was authorized to have a medical mattress because of his ribs, but since he is on lock down it is taken away from him for sixteen hours a day. Although he spoke to Nurse Ray about this, she said that it was up to security staff whether his mat was taken away during the day time. When he asks security staff, Plaintiff states he is told it is up to the medical staff. Plaintiff does not believe he is receiving the proper medical treatment for his injuries. He alleges he is in severe pain because of the broken ribs.

Plaintiff alleges that when he submits requests and grievances they are redirected to either command or medical staff, with each blaming the other. He states he still has not seen the jail doctor.

## II. APPLICABLE STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (quoting *Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se

complaints are to be liberally construed, they must allege sufficient facts to support the claims advanced." (internal citation omitted)).

### III. DISCUSSION

Nurse Ray maintains she is entitled to the dismissal of the official capacity claims because Plaintiff has not alleged facts sufficient to assert a plausible claim that an official institutional policy or custom reflected deliberate indifference to his serious medical needs. Official capacity claims are "functionally equivalent to a suit against the employing governmental [or institutional] entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Benton County has contracted with SHP to provide healthcare to County prisoners. For this reason, the official capacity claims are treated as claims against SHP. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality [or institution] under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal [or institutional] liability will attach: (1) where a particular [institutional] policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful [institutional] policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009) (citation omitted).

Plaintiff has not alleged a plausible "policy" claim. He merely makes the conclusory allegation that jail policies and procedures are not professionally followed. (Doc. 1, p. 15). He has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. Cty. of Hennepin*, 557 F.3d 628, 633 (8th Cir.

3

2009).  Merely alleging a denial of adequate medical treatment is insufficient.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id.* at 634 (internal quotation marks and citation omitted).  Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.  The official capacity claims should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the partial motion to dismiss (Doc. 9) is **GRANTED**. **IT IS ORDERED** that the official capacity claims against Nurse Ray be **DISMISSED WITHOUT PREJUDICE**.  The individual capacity claim against Nurse Ray remains for later resolution.

**IT IS SO ORDERED** on this 20th day of June, 2016.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE