# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

FRANCISCO VEGA-SANCHEZ                                                    PLAINTIFF

v.                          Case No. 5:16-CV-05037

SERGEANT MCELROY; DEPUTY KELLEY;
CORPORAL SCOTT; CAPTAIN JEREMY GUYLL;
TYRANNY RAY, Medical Supervisor; and
JOHN DOE DEPUTY                                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 59) of the Honorable Erin L. Wiedemann, United States Magistrate Judge for the Western District of Arkansas, submitted in this case on July 21, 2017, regarding a Motion for Summary Judgment (Doc. 45) filed by Defendant Tyranny Ray, who is a licensed practical nurse employed by Southern Health Partners, an entity that contracts with the Benton County Detention Center ("BCDC") to serve the medical needs of its inmates; and a Motion for Summary Judgment (Doc. 48) filed by Defendants Sergeant McElroy, Deputy Kelley, Corporal Scott, and Captain Jeremy Guyll. The Magistrate Judge recommends granting Defendant Ray's Motion. She also recommends granting the remaining Defendants' Motion with respect to claims against Defendant Guyll and all official-capacity claims against Defendants' employer, Benton County, Arkansas, but denying the Motion as to the individual claims against Defendants McElroy, Kelley, and Scott. None of the Defendants filed objections to the R&R, but on August 3, 2017, Plaintiff Francisco Vega-Sanchez filed objections (Doc. 60).[1]

---

[1] Mr. Vega-Sanchez also filed what he describes as an "exhibit" in support of his claims (Doc. 61) on August 28, 2017. The exhibit consists of two pages of doctor's notes from an

The Court has conducted a *de novo* review as to all specified proposed findings and recommendations to which Mr. Vega-Sanchez has raised objections. *See* 28 U.S.C. § 636(b)(1). As is explained in further detail below, the objections are **OVERRULED**, and the R&R is **APPROVED AND ADOPTED**.

## I. BACKGROUND

The R&R recites the facts of the case in such detail that there is no need to restate them all here. Suffice it to say that Mr. Vega-Sanchez makes two separate claims regarding the alleged violation of his constitutional rights while he was an inmate at the BCDC. First, he maintains that he was subjected to an excessive use of force by certain BCDC officials while he was escorted from one pod to another, immediately following an altercation with an inmate on December 31, 2015. The Magistrate Judge recommends denying summary judgment to Defendants McElroy, Kelley, and Scott, with regard to the excessive-force claims. These Defendants did not object to this recommendation, and these claims will be set for trial by separate order.

The second claim is that his Eighth Amendment rights were violated as a result of the care he received at the BCDC after he returned from the hospital following the December 31 incident. He was treated at the hospital for a broken rib and a cut over his left eye. When he returned to jail, officials placed him in disciplinary segregation for a period of 30 days, as punishment for his involvement in the fight with the other inmate. It is the BCDC's policy to limit the number of hours that an inmate in disciplinary segregation

---

appointment on August 7, 2017. During the appointment, Mr. Vega-Sanchez was treated for complaints about his right ear, and the doctor prescribed him a hearing aid.

may have a sleeping mat. The mat is available eight hours a day, but only during the evening hours, and is otherwise removed from the inmate's cell.

Mr. Vega-Sanchez explains that he submitted multiple requests to be allowed to keep his mat all day, every day, for the 30 days he was in disciplinary segregation, as he believed that he needed to lie on his mat during the day to speed the healing of his broken rib. He accuses Captain Guyll of wrongly referring his grievances to Nurse Ray, instead of dealing with the grievances himself. He accuses Nurse Ray of being deliberately indifferent to his serious medical needs in denying his requests for an all-day mat. In his deposition, Mr. Vega-Sanchez testified that he continues to experience pain in his ribcage area when he works out, moves forcefully, or lies on his side, and he blames Nurse Ray for these lasting injuries.

The Magistrate Judge in the R&R recommended granting summary judgment to Nurse Ray, finding that nothing in the summary judgment record supported Mr. Vega-Sanchez's claim that he had a serious medical need that warranted having a mat during the daytime hours. According to the Magistrate Judge, it was clear that Nurse Ray's decision with regard to the all-day mat request did not deviate from the applicable standard of care or indicate deliberate indifference to a serious medical need. Mr. Vega-Sanchez disagrees with the Magistrate Judge, and in his objections to the R&R argues that Nurse Ray should stand trial for her decision to deny him the all-day mat while he was in disciplinary segregation. As for Mr. Vega-Sanchez's claims against Captain Guyll, it appears that he agrees Captain Guyll was not personally involved with any of the events that occurred on December 31 that comprise the excessive force claim. Instead, Mr. Vega-Sanchez alleges that Captain Guyll should remain in the lawsuit because he is "the

administrative taskmaster, supervisor and officer responsible for implementation of the policies and customs of the jail." (Doc. 60, p. 6). Finally, Mr. Vega-Sanchez objects to the dismissal of the official-capacity claims against Benton County, arguing that further discovery is needed in order to determine whether the officers' use of excessive force was pursuant to a County custom or policy. All of these objections to the R&R will be addressed below.

## II. LEGAL STANDARD

The standard of review for summary judgment is well established. Under Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Court must review the facts in the light most favorable to the opposing party and give that party the benefit of any inferences that logically can be drawn from those facts. *Canada v. Union Elec. Co.*, 135 F.3d 1211, 1212–13 (8th Cir. 1997). The moving party bears the burden of proving the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l. Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). Once the moving party has met its burden, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(c)).

In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66 (8th Cir. 1994) (quoting *Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The nonmoving party must do more than rely on allegations or denials in the pleadings, and the court should grant summary judgment if any essential element of the prima facie case is not supported by specific facts sufficient to raise a genuine issue for trial." *Register v. Honeywell Fed. Mfg. & Techs., LLC*, 397 F.3d 1130, 1136 (8th Cir. 2005) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

## III. OBJECTIONS

### A. Dismissal of Nurse Ray

Mr. Vega-Sanchez argues in his objections that the Magistrate Judge misunderstood his claim against Nurse Ray. To the contrary, it appears to the Court that the relevant facts set forth in the R&R exactly match those that Mr. Vega-Sanchez lists in his objections, namely that: (1) he suffered a broken rib, and (2) Nurse Ray decided that his medical condition did not warrant deviating from the routine housing policy of the disciplinary segregation unit by providing him a mat to use in his cell during the daylight hours.

Mr. Vega-Sanchez does not dispute that he was provided a mat every evening, for sleeping. Instead, he claims Nurse Ray's refusal to allow him an all-day mat displayed deliberate indifference to his serious medical needs and constituted cruel and unusual punishment in violation of the Eighth Amendment. Establishing "deliberate indifference" requires a plaintiff to show that he suffered an objectively serious medical need, and that prison officials knew of that need and deliberately disregarded it. *See Farmer v. Brennan*, 511 U.S. 325, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). The "unnecessary and wanton infliction of pain" that characterizes

5

a claim for deliberate indifference may be manifested by a prison official either intentionally denying or delaying access to medical care, or intentionally interfering with prescribed treatment. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). However, "[a] showing of deliberate indifference is greater than gross negligence and requires more than mere disagreement with treatment decisions." *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Here, Mr. Vega-Sanchez failed to show on summary judgment that his broken rib was an objectively serious medical need that demanded bed rest during the daylight hours. The medical records from the hospital do not indicate that Mr. Vega-Sanchez was prescribed the use of an all-day mat, or that he was instructed to lie down during the day. *See* Doc. 46-1, pp. 3-9. The only doctor's instruction regarding his injuries directs Nurse Ray to administer Tylenol to Mr. Vega-Sanchez for a period of 40 days, beginning January 1, 2016. *See id.* at 6. It follows that, absent a prescription or doctor's recommendation, Nurse Ray's decision regarding Mr. Vega-Sanchez's access to an all-day mat was a judgment call which was, at worst, negligent. However, "[d]eliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

Because Mr. Vega-Sanchez has failed to show a genuine, material dispute of fact that Nurse Ray's decision regarding the all-day mat request was anything more than a mere disagreement about treatment, the claim fails on summary judgment. His objection as to Nurse Ray is overruled, and the individual-capacity claims against her are **DISMISSED WITH PREJUDICE**.

6

## B. Claims Against Captain Guyll

Next, the Court addresses Mr. Vega-Sanchez's objection as to the dismissal of Captain Guyll. In his deposition, Mr. Vega-Sanchez recounts the incidents of December 31 related to his excessive force claim, but fails to mention any personal involvement by Captain Guyll. *See also* Vega-Sanchez's Response to Motion for Summary Judgment, Doc. 57, p. 2 (averring that Captain Guyll "was not involved with the assault," and that Mr. Vega-Sanchez was only suing him with respect to the "separate claim along with Ray"). Mr. Vega-Sanchez believes that when he was in disciplinary segregation and began submitting grievances in an attempt to obtain a daytime mat, Captain Guyll unhelpfully referred his grievances to Nurse Ray—who denied them. *See* Doc. 51, pp. 58-59. Further, Mr. Vega-Sanchez argues that dismissing Captain Guyll at this point in the litigation is premature, as more discovery is needed to find out the nature and extent of his individual liability.

First, the Court finds that the dismissal of Captain Guyll on summary judgment is not premature. The record reflects that the parties had a sufficient opportunity to develop the record during discovery. Second, as the Magistrate Judge explained in the R&R, Captain Guyll's alleged failure to give satisfactory responses to Mr. Vega-Sanchez's written grievances, even if true, does not, in and of itself, implicate Mr. Vega-Sanchez's constitutional rights and create an actionable claim under Section 1983. Third, if Mr. Sanchez-Vega is purporting to hold Captain Guyll liable under Section 1983 simply because he is a BCDC supervisor, the law is clear that liability cannot rest on a theory of *respondeat superior* alone. *See Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) ("[A] warden's general responsibility for supervising the operations of a prison is insufficient

7

to establish personal involvement."). For all of these reasons, the Court finds that Mr. Vega-Sanchez'e objection to the dismissal of Captain Guyll is overruled, and summary judgment is **GRANTED** as to those claims.

### C. Official-Capacity Claims

The R&R explains that Mr. Vega-Sanchez has failed to point to any policy or procedure of Benton County that would implicate an official-capacity claim. In his objections, Mr. Vega-Sanchez argues that summary judgment is premature, and that further discovery is needed because it is possible that the individual actions of the BCDC Defendants were taken pursuant to an "unofficial custom" of the County that endorsed "officers beating plaintiff and others in a pattern of abuse." (Doc. 60, p. 7).

The Court rejects Mr. Vega-Sanchez's contention that further discovery is needed to uncover a policy or practice of Benton County that encourages officers to physically abuse inmates without provocation. He had an adequate opportunity to discover evidence of any such policy, and he failed to do so. His objection as to the dismissal of the official-capacity claims is overruled, and summary judgment is **GRANTED** as to those claims.

### IV. CONCLUSION

For the reasons explained herein, Plaintiff's Objections (Doc. 60) are **OVERRULED**. The Court hereby **ADOPTS** the R&R (Doc. 59) in its entirety and **ORDERS** that the Motion for Summary Judgment (Doc. 45) filed by Defendant Tyranny Ray is **GRANTED**. All claims against her are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (Doc. 48) filed by Defendants Sergeant McElroy, Deputy Kelley, Corporal Scott, and Captain Jeremy Guyll

is **GRANTED IN PART AND DENIED IN PART**. The Motion is **GRANTED** as to the individual claims against Captain Guyll and the official-capacity claims against Benton County, Arkansas, and these claims are **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** as to the individual claims against Defendants McElroy, Kelley, and Scott, and those claims will be set for trial by separate order.

**IT IS SO ORDERED** on this 6 day of August, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE